`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
RUSSIAN STANDARD VODKA(USA),INC.,  :
AND ROUST TRADING LIMITED,         :
                                   :
                 Plaintiffs,       :
                                   :
            -against-              :            **OPINION**
                                   :         06 Civ. 9915 (RLC)
ALLIED DOMECQ SPIRITS & WINE USA,  :
INC., PERNOD RICARD USA, LLC,      :
S.P.I. SPIRITS (SYPRUS) LIMITED,   :
                                   :
                 Defendants.       :
                                   :
----------------------------------X

APPEARANCES

JONES DAY
Attorneys for Plaintiffs
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309

                 ANNE M. JOHNSON
                          Of Counsel

DEBEVOISE & PLIMPTON LLP
Attorneys for Defendant
919 Third Avenue
New York, NY 10022

                 DAVID H. BERSTEIN
                          Of Counsel

COVINGTON & BURLIG LLP
Attorneys for Defendant
1330 Avenue of the Americas
New York, NY 10019

                 BRADLEY J. NASH
                          Of Counsel

ROBERT L. CARTER, District Judge

Defendants Pernod Ricard USA, LLC (hereinafter "Pernod Ricard"), and Allied Domecq Spirits & Wines USA, Inc., (hereinafter "Allied Domecq") move to dismiss count one of the complaint, pursuant to Rule 12(b)(1), F.R. Civ. P, and to briefly stay the action pending a resolution of the relevant issues at the National Advertising Division of the Council of Better Business Bureaus (hereinafter "NAD"). Also, defendants S.P.I. Group SA and S.P.I. Spirits' (collectively "S.P.I. defendants") move to dismiss count one of the complaint pursuant to Rule 12(b)(1), F.R. Civ. P., and to dismiss count seven pursuant to Rule 12(b)(6), F.R. Civ. P.[1] Because of the overlapping facts and issues involved in the motions, the court has considered the motions together.

The motion to dismiss count one of the complaint is granted as to the S.P.I. groups and denied as to Pernod Ricard and Allied Domecq, and the motion to dismiss count seven of the complaint is granted as to both sets of defendants. The court also orders that the lawsuit be stayed until the completion of the pending investigation at the NAD or for thirty days, whichever is sooner.

## BACKGROUND

When a complaint is challenged pursuant to Rule 12(b)(1), F.R. Civ. P., for lack of subject matter jurisdiction, a court must accept the factual allegations made in the complaint as

---

[1] Defendants S.P.I. Group SA and S.P.I. Spirits ("SPI defendants") initially sought to dismiss the remaining counts in the complaint, alleging lack of personal jurisdiction, (see Mem. in Supp. to Mot. to Dismiss of Defs. S.P.I. Group and S.P.I. Spirits at 9), but have since abandoned this argument, (see Reply Mem. in Supp. to Mot. to Dismiss of Defs. S.P.I. Groups and S.P.I. Spirits at 1).

true, drawing reasonable inferences in favor of the plaintiff. See Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003). However, when adjudicating a motion for lack of subject matter jurisdiction, a district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits. See State Employees Bargaining Agent Coal. v. Rowland, 494 F.3d 71,75 (2d Cir. 2007). The Court has accepted the allegations in plaintiffs' complaint as true, and has also looked at the relevant affidavits for additional clarification where needed.

Plaintiffs, Russian Standard Vodka (USA), Inc., and Roust Trading Limited, filed an initial complaint on October 18, 2006. Thereafter, the complaint was amended on December 4, 2006. In their first amended complaint, plaintiffs seek declaratory judgment from the court that certain statements made, challenging the "Russian" nature of defendants' vodka products, do not violate the Lanham Act or state law (count one). Plaintiffs also assert claims against the defendants for false advertising (counts two and four), false designation of origin (count three), deceptive trade practices (count five), unfair competition (count six), and unjust enrichment (count seven). (See generally, Pls. First Am. Compl.) The asserted basis for federal jurisdiction is federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121. (Id. at ¶ 7.)

In September 2005, plaintiffs introduced a new vodka product, Imperia vodka, to the United States. (<u>Id</u>. at ¶ 11.) Plaintiffs marketed Imperia vodka by highlighting its Russian heritage, namely by emphasizing that Imperia is distilled in, filtered in, bottled in, labeled in, and sold in Russia, and imported directly from Russia to the United States. (<u>See id</u>. at ¶ 13; <u>see also</u> Pls. Mem. in Opp. to Defs. Pernod Ricard and Allied Domecq's Mot. to Dismiss at 10.) Plaintiffs declared that "Vodka is Russian," to highlight the significance of Imperia's Russian character during their advertising campaign. (<u>See</u> Pls. First Am. Compl. at ¶ 26.)

Pernod Ricard is the marketer and distributor of Stolichnaya (hereinafter "Stoli") vodka products in the United States, and Allied Domecq is the importer of Stoli vodka into the United States. (<u>See</u> Pls. First Am. Compl. at ¶ 15.) S.P.I. defendants manufacture and label Stoli vodka. (<u>Id.</u> at ¶ 14.) Plaintiffs allege that defendants' vodka products "directly compete" with its Imperia vodka, and that a key component of defendants' current advertising and marketing of Stoli in the United States is Stoli's "alleged Russian character." (<u>Id.</u> at ¶ 20.) Plaintiffs allege that "essential processes" in the production of Stoli vodka occur in Riga, Latvia, not Russia, to contradict defendants' claim that Stoli vodka is "Russian." (<u>Id.</u> at ¶ 25.)

Specifically, plaintiffs allege that on September 7, 2005, they held a press conference during which plaintiffs stated that Imperia was "a truly authentic Russian vodka of the highest quality." (<u>Id.</u> at ¶ 27.) On October 6, 2005, Allied Domecq sent

a letter to plaintiffs, stating that Imperia's publicity campaign implies that Imperia vodka is the only authentically Russian vodka available in the market. (See id. at ¶ 28.) In its letter, Allied Domecq further stated, "Making false statements about a competitor's product constitutes. . .unfair competition and false advertising under. . .the Federal Trademark Act. . . ." (See Declar. of Besson, Exhibit C.) Nonetheless, after receiving Allied Domecq's letter, plaintiffs publicly claimed that Stoli vodka "is not truly Russian" and "[i]f Stolichnaya vodka comes from Latvia rather than Russia. . .they should be proud of their Latvian heritage." (See Pls. First Am. Compl. at ¶ 29.) On April 7, 2006, in response to plaintiffs' assertions, Pernod Ricard issued a press release stating that it would explore its legal remedies regarding plaintiffs' statements concerning the authenticity of Stoli vodka "in due course." (See Declar. of Besson, Exhibit F.) Pernod Ricard subsequently brought a private, non-binding challenge before the NAD, whose mission is to "review national advertising for truthfulness and accuracy and foster public confidence in the credibility of advertising." (See Def. Mem. in Supp. of Mot. to Dismiss at 5, 7; see also Pls. First Am. Compl. at ¶ 33.) The parties were in the final stages of the NAD investigation, as NAD and Pernod Ricard were awaiting the submission of plaintiffs' sur-reply, when plaintiffs initiated this lawsuit in federal court. (See Defs. Pernod Ricard & Allied Domecq Mem. in Supp. of Mot. to Dismiss at 8.) NAD stopped its investigation when this lawsuit

was initiated but has represented that it would resume its investigation if this action is stayed.

Plaintiffs allege that the foregoing actions by Pernod Ricard and Allied Domecq, including the initiation of a proceeding with NAD, created an "actual controversy" as to Russian Standard's ability to challenge and comment upon the "Russian character" of defendants' vodka products. (<u>See</u> Pls. First Am. Compl. at ¶ 34.) They argue that defendants' Stoli vodka does not possess the attributes that defendants advertise to the public, and that defendants' actions have suppressed their ability to advertise this claim by creating a threat of legal action. (<u>See</u> <u>id.</u>)

Plaintiffs seek the following relief: 1) a declaration of their rights pursuant to 28 U.S.C. § 2201 that the statements made by them do not violate provisions of the Lanham Act, 15 U.S.C. § 1125, or state law;[2] 2) damages pursuant to 15 U.S.C. § 1125 because defendants have allegedly engaged in false advertising by marketing Stoli as a Russian vodka; 3) damages pursuant to 15 U.S.C. § 1125 for false designation of origin, alleging that defendants misrepresented the origin of their goods; 4) damages for false advertising under New York General Business Law §§ 350 and 350(a); 5) damages for violation of the New York Deceptive Trade Practices Act, New York General Business

---

[2] The Declaratory Judgment Act, in relevant part, states the following:

> "In a case of actual controversy within its jurisdiction. . .any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration. . . ."

28 U.S.C. § 2201.

Law §§ 349(a)-(b), for allegedly deceiving the public; 6) damages for engaging in unfair competition in violation of New York law; and 7) restitution for unjust enrichment because defendants have allegedly unjustly enriched themselves and injured the plaintiffs by marketing Stoli vodka as "Russian."

**A. PERNOD RICARD AND ALLIED DOMECQ'S JANUARY 16, 2007 MOTION TO DISMISS AND FOR A VERY BRIEF STAY**

Pernod Ricard and Allied Domecq moved on January 16, 2007, for partial dismissal due to lack of subject matter jurisdiction pursuant to Rule 12(b)(1), F.R. Civ.P., and for a stay of approximately one month. Defendants argue that plaintiffs' cause of action for declaratory relief fails because there is no threat of litigation over plaintiffs' statements regarding the Russian heritage of Stoli vodka, and thus no actual controversy before this court as required by the Declaratory Judgment Act, 15 U.S.C. § 2201. (<u>See</u> Defs. Pernod Ricard & Allied Domecq's Mem. in Supp. of Mot. to Dismiss at 9.) Defendants further request that the court issue a brief stay of approximately one month to allow the NAD to complete its investigation regarding the authenticity of Stoli vodka. (<u>Id.</u> at 1.) Attached to their memorandum, defendants have submitted an affidavit in which they state that they will not pursue legal action against plaintiffs for their past statements regarding Stoli's authenticity. (<u>See</u> La Jolla Decl.)

Plaintiffs respond that the court should not dismiss count one of the complaint because there is an actual controversy

between themselves and defendants, and that the court should not grant a stay because there is no legitimate reason for granting defendants' motion for a brief stay. (See Pls. Memo. in Opp. to Defs. Pernod Ricard & Allied Domecq's Mot. to Dismiss, at 10, 21.) Plaintiffs allege that Pernod Ricard's statements regarding exploring legal remedies and thereafter initiation of an investigation with the NAD created an actual controversy between plaintiffs and the defendants, satisfying the requirement of subject matter jurisdiction under Rule 12(b)(1), F.R. Civ. P. (See id. at 12.) Plaintiffs also point to Allied Domecq's "cease and desist" letter as evidence of an "actual controversy" within the meaning of the Declaratory Judgment Act. (Id.) Plaintiffs further argue that this court should deny defendants' request for a brief stay because plaintiffs' interests would be harmed by such delay, and the relevant factors weigh in favor of rejecting the stay. (Id. at 23.)

## B. S.P.I. DEFENDANTS' JANUARY 16, 2007 MOTION TO DISMISS

Also before this court is S.P.I. defendants' January 16, 2007 motion to dismiss count one of the complaint (plantiffs' declaratory judgment claim) pursuant to Rule 12(b)(1), F.R. Civ. P., and to dismiss count seven of the complaint (plaintiffs' unjust enrichment claim) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), F.R. Civ. P.[3] Defendants argue that the declaratory judgment claim must be

_____

[3] When evaluating the motion to dismiss count seven of the complaint, the court drew favorable inferences in favor of the plaintiffs, relying heavily on the complaint, as required under Rule 12(b)(6), without reliance on the affidavits. See Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006).

dismissed because plaintiffs have failed to allege an "actual controversy" with the S.P.I. defendants as required by the Declaratory Judgment Act. (See Defs. S.P.I. Group and Spirits' Mem. in Supp. of Mot. to Dismiss at 4.) Defendants claim that plaintiffs have only pointed to the actions of Pernod Ricard and Allied Domecq, failing to prove any controversy with the S.P.I. defendants. (Id. at 6.) Defendants also assert that the unjust enrichment claim should be dismissed because plaintiffs have failed to plead any injury sufficient for an unjust enrichment claim. (Id. at 8.) Defendants argue that an equitable remedy is not suitable for the following reasons: 1) plaintiffs suffered no injury that would meet the requirements of an unjust enrichment claim; and 2) there are adequate remedies at law for plaintiffs' alleged injuries. (Id.)

Plaintiffs respond that this court should not dismiss counts one or seven because there is an "actual controversy" between themselves and the S.P.I. defendants, which provides subject matter jurisdiction, and because their complaint does state a claim for unjust enrichment upon which relief can be granted. First, plaintiffs argue that "the actual controversy created by the conduct of the Pernod Defendants clearly extends to [the S.P.I. defendants]." (See Pls. Mem. in Opp. to Defs. S.P.I. Group and Spirits' Mot. to Dismiss at 16.) Plaintiffs argue that this extension adequately satisfies the requirement for subject matter jurisdiction under the Declaratory Judgment Act. Plaintiffs further argue that defendants have been unjustly enriched by misrepresenting the nature of Stoli vodka and thus

diverting goodwill that Imperia vodka should have received. (<u>Id.</u> at 19-20.) Plaintiffs allege that because defendants have wrongfully marketed Stoli vodka as a Russian vodka product, defendants have unjustly benefited at their expense.

## DISCUSSION

A case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), F.R. Civ. P., when the district court does not have statutory or constitutional authority to adjudicate the matter. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. See <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).

## A. MOTION FILED BY PERNOD RICARD AND ALLIED DOMECQ ON JANUARY 16, 2007

### 1. Motion for a Partial Dismissal

The first issue is whether the plaintiffs have shown by a preponderance of the evidence that "an actual controversy" exists between themselves and defendants as to their past statements about Stoli's authenticity as a Russian vodka. The Declaratory Judgment Act states, in part, that "[i]n a case of actual controversy. . .any court of the United States. . .may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201. The Act was intended to enable parties to adjudicate disputes before either of them suffered great harm.

See In re Combustion, 838 F.2d 35, 36 (2d Cir. 1988).  When making its determination as to whether a declaratory judgment is proper, the court must ask the following: 1) whether the judgment serves a useful purpose in explaining or settling the legal issues involved; and 2) whether a judgment would finalize the controversy and offer relief from uncertainty.  See Duane Reade, Inc. v. St. Paul Fire & Marine Insurance Co., 411 F.3d 384, 389 (2d Cir. 2005)(citing Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2d Cir.1969)); see also Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556, 562 (2d Cir. 1991).  This inquiry is necessarily one of degree and affords the district court great discretion in making a determination.  See Certain Underwriters at Llyod's, London v. St. Joe Minerals Corp., 90 F.3d 671, 675 (2d Cir. 1996).

These plaintiffs have not proven that an "actual controversy" exists between themselves and Pernod Ricard and Allied Domecq regarding their past statements about Stoli. Plaintiffs argue that under the "reasonable apprehension of imminent suit" test, articulated in Starter Corp. v. Converse, Inc.,[4] they have sufficiently demonstrated that an actual controversy exists.  However, the United States Supreme Court

---

[4] In Starter Corp. v. Converse, Inc., the Second Circuit enunciated the "reasonable apprehension" test, which was to be used when evaluating the "actual controversy" requirement for declaratory judgment claims:

> "In a declaratory judgment action. . .the test for an "actual case or controversy" has two prongs, both of which must be satisfied in order to establish declaratory judgment jurisdiction: (1) has the defendant's conduct created a real and reasonable apprehension of liability on the part of the plaintiff, and (2) has the plaintiff engaged in a course of conduct which has brought it into adversarial conflict with the defendant."

84 F.3d 592, 594 (2d Cir. 1996).

revisited this test in a case cited in plaintiffs' brief and has
suggested that a lower threshold is required to find a case or
controversy under the Declaratory Judgment Act.  In <u>MedImmune,
Inc. v. Genentech, Inc.</u>, the United States Supreme Court held
that an actual controversy existed even where the plaintiffs
complied with the demands of the private defendants and thus did
not infringe upon the rights asserted by the defendants.  127 S.
Ct. 764, 771.  The <u>MedImmune</u> standard is necessarily less
rigorous than the "reasonable apprehension of imminent suit"
test; the party claiming that there was an actual controversy
could not be sued in <u>MedImmune</u>, let alone prove that there was a
"reasonable apprehension of imminent suit."  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u>
<u>Goldman v. West</u>, 2007 WL 1989291 *3 (S.D.N.Y. 2007)(Swain,
J.)("Recent decisions of the Supreme Court and Federal Circuit
have, however, changed the law with respect to the "reasonable
apprehension" test, in effect lowering the bar for a plaintiff to
bring a declaratory judgment action. . . .").  In spite of this,
the Court still held that there was an "actual controversy"
within the meaning of the Declaratory Judgment Act in that case.
<u>See</u> <u>MedImmune</u>, 127 S. Ct. at 771**.**

     Despite the lower threshold in <u>MedImmune</u>, plaintiffs are
unable to prove that an actual controversy exists as to their
past statements concerning Stoli vodka.  Defendants have waived
their right to sue plaintiffs regarding past statements about
Stoli's authenticity.  Consequently, there is no "substantial
controversy, between the parties having adverse legal interests,
of sufficient immediacy and reality to warrant the issuance of

declaratory judgment." MedImmune, Inc., 127 S. Ct. at 771. Even though defendants' cease and desist letter and initiation of a proceeding in NAD comprise conduct that created an actual controversy under MedImmune, their subsequent waiver of the right to sue because of past statements eliminated any controversy regarding those statements.

Furthermore, after applying the standards set forth in Duane Reade and Kidder, Peabody & Co., it is clear that declaratory judgment is not suitable for plaintiffs' past statements for the reasons set forth: 1) a judgment regarding plaintiffs past conduct would not serve a useful purpose in settling the legal issues because there would be no threat of suit; and 2) it would not offer relief from uncertainty because of the waiver to sue for plaintiffs past statements. See Duane Reade, 411 F.3d at 389; Kidder, Peabody &Co., 925 F.2d 556 at 562.

In their opposition memorandum, plaintiffs attempt to cite cases that purportedly prove that if a "reasonable apprehension future conduct" exists, there still an actual controversy as to the past statements. (See Pls. Mem. in Opp. to Defs. Pernod Ricard and Allied Domecq's Mot. to Dismiss at 17.) However, none of these cases involve declarations, relieving the infringer from potential liability, nor do they stand for the proposition that all that is required for an actual controversy is a possible threat of a lawsuit without any immediacy. See e.g., 800-Flowers v. Intercontinental Florist, 860 F. Supp. 128 (S.D.N.Y. 1994)(Leisure, J.)(discussing "first filed rule" without reference to a defendant submitted declaration waiving rights to

file suit); <u>Larami Corp. v. Amron</u>, Civ. A. No. 92 CIV 7313
(S.D.N.Y. 1994)(Haight, J.)(unpublished)(finding a controversy
where the defendants threatened future litigation, where there
was no waiver involved).  Accordingly, plaintiffs are unable to
prove that an "actual controversy" exists as to their past
statement because defendants have submitted a waiver.

The next question is whether the threat of legal action for
plaintiffs' future conduct is sufficiently immediate to create an
"actual controversy."  The threat of harm because of future
statements that plaintiffs may make regarding Stoli's vodka is of
sufficient immediacy to comply with the requirements articulated
in <u>MedImmune</u>.  Plaintiffs allege that they will continue to make
statements about Stoli's Russian heritage.  As is clear from the
<u>MedImmune</u> decision, future conduct may be sufficiently imminent
to comprise an "actual controversy."  In that case, the
plaintiffs could only be sued for possible future conduct, yet
the Court held that this future conduct was of sufficient
immediacy to warrant declaratory relief.  <u>See</u> <u>MedImmune, Inc.</u>,
127 S. Ct. at 771.  Here, plaintiffs allege that they have an
advertising campaign centered on highlighting the distinction
between Imperia and Stoli vodka, and that they plan to question
the authenticity of Stoli vodka.  Defendants have engaged in
conduct that indicates that there would be a controversy between
the parties by sending a cease and desist letter to plaintiffs
and initiating a proceeding at the NAD.  Both parties conduct
indicate that "there is a substantial controversy, between the
parties having adverse legal interests, of sufficient immediacy

and reality to warrant the issuance of declaratory judgment"
regarding any future statements that plaintiffs will make
regarding Stoli's authenticity. See MedImmune, Inc., 127 S. Ct.
at 771.

Furthermore, the Duane Reade analysis provides additional
support for holding that there is an actual controversy as to the
future statements that plaintiffs may make: 1) a judgment
regarding plaintiffs ability to comment on the Russian character
of Stoli vodka serves a useful purpose in settling the legal
issues because a threat of future suit still exists concerning
plaintiffs future advertising campaigns; and 2) it would offer
relief from uncertainty because the parties would be on notice of
their rights regarding plaintiffs' ability to comment on Stoli's
authenticity as a Russian vodka. See Duane Reade, 411 F.3d at
389; Kidder, Peabody &Co., 925 F.2d 556 at 562.

Accordingly, the threat of legal action for future conduct
does satisfy the "actual controversy" requirement under the
Declaratory Judgment Act, and the court denies Pernod Ricard and
Allied Domecq's motion to dismiss count one of the complaint as
it relates to future statements that will be made by plaintiffs.

### 2. Motion to Briefly Stay the Case

When determining whether to exercise its discretion to grant
a motion to stay, a court must look to the following factors:
"(1) the private interests of the plaintiffs in proceeding
expeditiously with the civil litigation as balanced against the
prejudice to the plaintiffs if delayed; (2) the private interests
of the defendants; (3) the interests of the courts; (4) the

interests of persons not parties to the civil litigation; and (5) the public interest." <u>Lasala v. Needham & Co.</u>, 399 F. Supp. 421, 427 (S.D.N.Y. 2005)(Scheindlin, J.).

The first prong of the balancing test weighs in favor of granting the motion for a brief stay. Any harm to plaintiffs' interests would be nominal at best because defendants only request a stay of thirty days. In fact, the NAD's decision may be illuminating for further resolution in this case, and thus beneficial to plaintiffs. Plaintiffs have not identified any concrete harm that they would suffer if the motion for stay is granted. The second prong of the test also indicates that a motion for a brief stay should be granted. Defendants have already invested time and money in the NAD proceedings, and consequently, they would suffer harm if the case is not briefly stayed to allow NAD to complete the investigation. As to the fourth prong, defendants have indicated that the interests of non-parties would be negatively impacted, citing the S.P.I. defendants. However, the S.P.I. defendants are no longer non-parties to the lawsuit, and defendants' failure to indicate other non-parties suggests that this factor does not weigh in favor of granting the motion.

The two most significant prongs of the <u>Lasala</u> test in the instant matter are prongs three and five: convenience to the courts and the public interest. These factors weigh in favor of defendants' motion to stay the proceedings.

First, allowing the NAD, a highly reputable institution, to provide its expert view on Stoli's authenticity as a Russian

vodka would be extremely useful in resolving remaining claims in the complaint. This decision would promote judicial economy and be informative to the court in its own decision regarding the remaining claims. Furthermore, NAD's decision would promote settlement between the parties. The federal courts have a well-established policy of encouraging settlement to promote judicial economy and limit the waste of judicial resources. See <u>United States v. Glens Falls Newspapers, Inc.</u>, 160 F.3d 853, 856 (2d Cir. 1998)(acknowledging the "strong public policy which encourages the settlement of cases"). Courts have recognized that a NAD decision is helpful in resolving differences between parties. <u>See</u> <u>e.g.</u>, <u>AMF, Inc. v. Brunswick Corp.</u>, 621 F. Supp. 456, 458 (S.D.N.Y. 1985)(Weinstein, J.)("Reportedly no advertiser who has participated in the complete process of a NAD investigation and NARB appeal has declined to abide by the decision."); <u>Home Life Ins. Co. v. Kaufman</u>, 547 F. Supp. 833 (S.D.N.Y. 1982)(Sprizzo, J). Although these cases involve parties who contracted to have the NAD resolve their disputes, they are still useful in understanding the NAD's effectiveness in resolving disputes. Plaintiffs have already invested considerable time and energy into the investigation at the NAD, and it would be inefficient to allow them to obviate that proceeding at the last minute by initiating this action. If this court followed plaintiffs' suggestion and denied the motion for stay, not only would this court not benefit from the expertise of the NAD's decision, both parties and NAD would have wasted

unnecessary energy, time, and money into a resolution of the issue at the NAD.

Next, the public interest strongly weighs in favor of granting the motion to stay. Allowing NAD to complete its decision regarding Stoli's authenticity as a Russian vodka would allow it to set advertising standards for the industry on an important issue. The public and industry would benefit greatly from hearing the NAD's opinion on the issue, especially after so many resources and time have already been poured into the investigation.

For the aforementioned reasons, the court grants defendants motion for a thirty day stay.

**B. MOTIONS FILED BY S.P.I. DEFENDANTS ON JANUARY 16, 2007**

**1. Motion to Dismiss the Declaratory Judgment Claim**

Plaintiffs have failed to satisfy their burden of proving by a preponderance of the evidence that there is an actual controversy between themselves and the S.P.I. defendants. None of the conduct that is discussed in their complaint implicated the S.P.I. defendants.

In their complaint, plaintiffs detail the actions of Pernod and Allied Domecq without reference to how these actions involve S.P.I. defendants. Plaintiffs have provided the court with no indication of how and what S.P.I. defendants have done to create a controversy between themselves and plaintiffs. The conduct that plaintiffs allege created a controversy—the cease and desist letter, the press release, and the proceeding before NAD—only

involved Allied Domecq and Pernod Ricard.  All plaintiffs have alleged is that this conduct somehow "extends" to S.P.I. defendants, which is clearly a conclusory allegation.  Plaintiffs provide no explanation for this claim.  Because plaintiffs have failed to indicate in their complaint conduct by these defendants that alleges an "actual controversy," the court cannot even reach the question of whether or not that conduct is of "sufficient immediacy and reality to warrant the issuance of declaratory judgment."  <u>See</u> <u>MedImmune</u>, 127 S. Ct. at 771.  As such, there is no "actual controversy" within the meaning of the Declaratory Judgment Act as to these defendants.

### 2.  Motion to Dismiss the Unjust Enrichment Claim

S.P.I. defendants argue that count seven of the complaint, alleging unjust enrichment, should be dismissed pursuant to Rule 12(b)(6), F.R. Civ. P.  To withstand an attack under Rule 12(b)(6), the complaint does not need "detailed factual allegations," but it must state a "plausible" basis for

recovery that is not based on ``conclusory'' or ``speculative'' allegations. See Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). To state a claim for unjust enrichment under New York law, a plaintiff must allege the following: (1) the plaintiff conferred a benefit upon defendants,(2) that the defendants will obtain the conferred benefit without adequately compensating plaintiff, and (3) `equity and good conscience' require restitution. See Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000).

Plainttiffs' argument is as follows: ``By falsely advertising Stoli's supposed Russian character, Defendants are inequitably misappropriating for themselves the goodwill and product recognition that Russian Standard has built up through its marketing efforts.'' (See Pls. Mem. in Opp. to S.P.I.'s Mot. to Dismiss at 20.) This argument is logically flawed. Stoli vodka has been sold in the United States since as early as the 1960s. Imperia vodka was released in 1995. The proposition that a vodka, which has existed for approximately forty years longer than Imperia vodka, has ``misappropriated'' the goodwill owed to Russian Standard is ludicrous. Certainly, Stoli has built up its own goodwill through its forty years of existence prior to Imperia vodka's introduction into the market.

Even under the low threshold that plaintiffs must meet under Rule 12(b)(6), plaintiffs' unjust enrichment claim must be dismissed.⁵ Plaintiffs' proposition is not logical, let alone

---

⁵ Plaintiffs also present a theory that supports the unjust enrichment claim, which has been rejected by courts. Plaintiffs claim that defendants obtained

-19-

plausible. Plaintiffs have failed to state a claim upon which relief can be granted; they have not alleged a benefit that they have conferred upon defendants, as required for an unjust enrichment claim under New York law.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss count one of the complaint is granted as to the S.P.I. defendants, but not as to Pernod Ricard and Allied Domecq. The motion to dismiss count seven of the complaint is granted as to all defendants. The cause of action will be stayed until the completion of the NAD proceeding, but not longer than thirty days.

**IT IS SO ORDERED**

DATED:     New York, New York
           November 19, 2007

**ROBERT L. CARTER**
**U.S.D.J.**

---

a benefit from its false advertising at the expense of plaintiffs because they are competitors. See Barr Labs., Inc. v. Quantum Pharmics, Inc., 827 F. Supp. 111, 116-17 (E.D.N.Y. 1993). However, like the plaintiffs in Barr, they are unable to allege how their injury is different than that suffered by every other manufacturer of vodka. Id.